# IN THE MATTER OF CARLOS TAPIA.

---

APPLICATION FOR WRIT OF HABEAS CORPUS.

Habeas Corpus—Local Courts—Federal Courts—Jurisdiction—Equal Civil
   Rights Act.

    1. The Federal courts will endeavor not to interfere in a case of

In the Matter of Tapia.

which the local courts have taken jurisdiction, and even in habeas corpus matters there must be urgency or some other very good reason for interfering. The Equal Civil Rights Act applies to class legislation or class discrimination, and if an accused person is being treated no differently from others he has no right to complain.

Habeas Corpus—Local Courts—Federal Courts—Jurisdiction.

2. Where an accused person has been placed in jail, that marks definitely the closing of a proceeding in the local court, and this court can then interfere to determine whether or not he is unlawfully detained.

Habeas Corpus—Procedure—Immaterial Changes in Writ.

3. Changes made in the writ without authority of the judge issuing it are disapproved, but are allowed in this special case, especially as the change made is immaterial.

Opinion filed April 11, 1917.

———

*Messrs. F. H. Dexter* and *Willis Sweet* for petitioner.

*Mr. José Quiñones* for respondent.

*Mr. Brengle,* Assistant Attorney General appeared specially as to jurisdiction.

HAMILTON, Judge, delivered the following opinion:

As I understand the facts of this case, the prisoner was arrested upon a warrant from the fiscal or prosecuting attorney, and the information or accusation was drawn up by the fiscal and filed in the San Juan district court, the Honorable Judge Benedicto presiding over that section. The prisoner was brought before the court, and what seems to correspond to a preliminary hearing, no doubt in perfect conformity to the local

IX. Porto Rico.—36.

### In the Matter of Tapia.

law, was entered upon. Counsel seem to differ as to exactly what happened before the court, or rather as to the proper interpretation of the proceeding before the court. I take it that this was what happened. The question of jurisdiction of the court on the ground that no indictment had been found by a grand jury was in the mind of all parties, and it was brought up, and the court said that it wished to take time, say two days, to consider it, but thereupon the question was withdrawn and the court proceeded to forfeit the bail, or whatever is the proper expression under the local practice, and sent the prisoner to jail to await trial in the ordinary course of law. That seems to be the proper construction, to my mind, of the stenographic notes. The official minutes—and I take it that the court is a court of record—are not quite so definite. In the minutes the clerk or the judge says that so and so is done, and the judge reserves the right to consider the question of jurisdiction that had been raised. The minutes do not say that any motion was made, and was taken under submission. The minutes, to my mind, say what would be true if nothing whatever had been said, that is to say, that upon the trial of the defendant the court would consider and determine the question of jurisdiction so far as grew out of the 5th Amendment or other Amendment of the Constitution. So, it seems to me that, while the minutes by themselves would not be clear, taking them in connection with the stenographic notes, taking everything that has been filed before me together, the conclusion I would come to is that there was a preliminary hearing, the defendant was committed to jail, and that no motion was left pending. Such is my conclusion on the facts. Now that being so, the question is, What shall this

In the Matter of Tapia.

court do, if anything, upon the habeas corpus now brought to release the prisoner?

1. There is no question that this court should go slowly in interfering in any way with the jurisdiction which has been taken on the part of the local courts or of any other court; and this court has always, I think, tried, and I might almost say painfully tried, to avoid the idea that there was any wish to interfere in any way with another court. The case which has been cited, Ex parte Royal, 117 U. S. 241, 29 L. ed. 868, 6 Sup. Ct. Rep. 734, shows that this is the theory of the United States courts generally, of the Supreme Court, and of course all courts follow that decision, that even in habeas corpus matters there must be urgency or some other very good reason for interfering. It seems to me, though, that this principle would not apply here. I had a somewhat similar point raised before me in the Fajardo Case. There was an application there for a change from the local court to this court for the trial of a case that was brought at Mayaguez, or in that part of the Island, under the Equal Civil Rights Act, Rev. Stat. §§ 1977–19, 80, Comp. Stat. 1916, §§ 3925, 3931–3933, and I considered this whole question to some extent at that time, and my views are indicated in an opinion filed in the case. I declined in that instance to interfere with the jurisdiction of the local court on the ground that the same point, that is to say, as to trial in the district in which the crime is alleged to have been committed, could be raised just as well before the local court as it could be in this court; that there was no constitutional reason for preferring one court to the other since the local court had undoubted jurisdiction of the whole matter. There was an additional point there that the Equal Civil Rights Law did not apply to the case. It applies to class

### In the Matter of Tapia.

legislation or class discrimination, and there was nothing to show that Fajardo was being treated differently from anybody else.

2. But the habeas corpus case now before me does not present the case of the removal of a cause. It presents the question of a man who has been committed to jail in a certain proceeding, and he applies to this court, as he has an unquestioned right to apply, to say whether he is lawfully or unlawfully detained. The sole question for me to determine at this time, I think, is whether, in entertaining this, I would be improperly interfering with the jurisdiction of a local court. I do not think that I would. The man is in jail, according to the facts which I have outlined above, under a certain proceeding which was definite and has been closed to the extent of putting him in jail. There is nothing more to be done on that point at all. That is the only point complained of, and so it seems to me that there would be nothing under Ex parte Royall, or any other case cited, to prevent my entertaining the application in this case. So, my decision would be that I have jurisdiction, and that I will go into the merits of the application, at which time the Attorney General may appear more formally if he wishes so to do. I will overrule the motion to dismiss the proceeding.

3. It was suggested on argument, but not by petitioner or respondent, the real parties to the proceeding, that the writ shows the substitution of the name of one person for another as detaining the prisoner. For present purposes this is not material after production of the petitioner, as the essential point in the case is the production of the prisoner, which was secured. From the evidence it seems there may have been such change from the name of one warden or official of the jail or penitentiary, to another, so as to name the real custodian. It seems that

In the Matter of Tapia.

the jail and penitentiary at San Juan are in the same inclosure, if not parts of the same set of buildings, and that the change was made without objection and in good faith to secure the production of the prisoner. Under these circumstances, no motion having been made, no further notice will be taken of the matter; but such amendments are irregular, and should not be made without previous authority of the judge issuing the writ. In this case the amendment is allowed and ratified nunc pro tunc, so far as this is necessary but the practice is disapproved and must not be repeated. It is not to be taken as a precedent.

We will go into the hearing on the merits at such time as satisfactory to you gentlemen. Let me say in justice to myself that, while my mind is clear, I am perfectly open to conviction, and if, upon briefing or final argument of the case, I can be convinced to the contrary, if authorities can be brought which ought to change my opinion on this preliminary point, I will be very glad at that time to make the decision then that I ought to make now. But that is a matter of briefing and of argument in the future, and for the present it seems to me that my course is clear, that I must go into the merits of the case.